| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------- X<br>                                                         :<br>TYRONE ADAMS,                                  :<br>                                                         :<br>                                       Plaintiff,     :<br>                                                         :<br>                  -v -                            :<br>                                                         :<br>CITY OF NEW YORK, POLICE OFFICER  :<br>MATEUSZ SAJDUK,                    :<br>                                                         :<br>                                       Defendants. :<br>------------------------------------------------------------- X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 3/2/18<br><br>1:17-cv-1465-GHW<br><br>MEMORANDUM OPINION<br>AND ORDER |

GREGORY H. WOODS, District Judge:

Plaintiff Tyrone Adams, proceeding *pro se* and *in forma pauperis*, initiated this action on February 27, 2017, bringing various claims against Defendants under 42 U.S.C. § 1983. Dkt. No. 2. For the reasons stated below, this action is DISMISSED for failure to prosecute and for failure to comply with the Court's orders.

**I.    BACKGROUND**

Mr. Adams was incarcerated when he initiated this action.

On April 18, 2017, following an initial pretrial conference, the Court entered a case management plan and scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure setting forth the applicable discovery deadlines in this matter. Dkt. No. 11. Pursuant to that order, all discovery was to be completed no later than September 29, 2017. *Id.* The Court also scheduled a post-discovery status conference for October 11, 2017. *Id.*

At some point after the initial pretrial conference, Mr. Adams was released from custody. He did not, however, update his address on the docket of this case or otherwise notify the Court of his release and updated contact information.

In a letter dated September 20, 2017, Defendants informed the Court that they had served discovery requests on Mr. Adams on four separate occasions, but that due to Mr. Adams' failure to

update his address on the docket, Mr. Adams had not received, and therefore had not responded to, Defendants' discovery requests. Dkt. No. 20. Defendants indicated that they had contacted Mr. Adams by telephone, obtained his correct address, and sent another set of the discovery requests to Mr. Adams' correct address. *Id.* Defendants requested an extension of the discovery deadline to allow Mr. Adams to respond. *Id.*

The Court held a conference on September 26, 2017 to address Defendants' request. During that conference, Mr. Adams appeared and represented to the Court that he had begun to respond to interrogatories and was "almost done." The Court granted Defendants' request and extended the discovery deadline to December 29, 2017. Dkt. No. 23. The Court also adjourned the post-discovery status conference to January 11, 2018. *Id.* During the September 26, 2017 conference, the Court warned Mr. Adams that if he failed to timely respond to discovery requests, the Court could impose sanctions, including the dismissal of his lawsuit.

On November 20, 2017, Defendants filed a letter stating that they had not received Mr. Adams' discovery responses. Dkt. No. 25. Defendants sought an order compelling those responses. *Id.* On November 21, 2017, the Court issued an order scheduling a conference on Defendants' motion to compel for November 29, 2017 at 11:00 a.m. Dkt. No. 26. By that date, Mr. Adams had updated his address on the docket. The scheduling order was mailed to Mr. Adams' updated address by certified mail and by regular, first-class mail on November 21, 2018. Mr. Adams failed to appear for the November 29, 2017 conference. He also failed to request an adjournment or to otherwise contact the Court in advance of the conference.

On November 30, 2017, the Court issued an order adjourning the November 29, 2018 conference to December 12, 2017 at 3:00 p.m. Dkt. No. 27. In that order, the Court reminded Mr. Adams that his failure to comply with court orders, including his failure to appear at the December 12, 2017 conference without requesting and receiving an adjournment from the Court, could result

2

in a variety of sanctions, including dismissal of this action for failure to prosecute. *Id.*

Mr. Adams appeared for the December 12, 2017 conference. During that conference, the Court directed Mr. Adams to respond to Defendants' requests for production of documents and interrogatories no later than December 19, 2017. Dkt. No. 30. The Court also extended the deadline for completion of discovery to February 19, 2018 and adjourned the post-discovery status conference to March 5, 2018. *Id.* In the Court's order following that conference, the Court again reminded Mr. Adams that failure to comply with a court order, including failure to comply with discovery deadlines or to appear at the March 5th status conference, could result in the dismissal of this case for failure to prosecute. *Id.* A copy of the Court's order was mailed to Mr. Adams by certified mail and by regular, first-class mail on December 13, 2017.

On February 13, 2018, Defendants filed a letter requesting a pre-motion conference in connection with their anticipated motion to dismiss for failure to prosecute. Dkt. No. 31. In that letter, Defendants explained that Mr. Adams failed to respond to discovery requests by the December 19, 2017 deadline and had not responded to their subsequent demand for Mr. Adams' discovery responses. *Id.* On February 13, 2018, the Court issued an order granting Defendants' request for a conference and scheduling that conference for February 22, 2018. Dkt. No. 32. That order was mailed to Mr. Adams by certified mail and by regular, first-class mail the day after the order was issued. The order again included a warning to Mr. Adams that his failure to comply with a court order, including his failure to attend the February 22, 2018 conference without requesting and receiving an adjournment, could result in the dismissal of his case. *Id.*

Despite the Court's warning, Mr. Adams did not appear for the February 22, 2018 conference and did not request an adjournment of the conference. Accordingly, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute and scheduled a hearing for March 1, 2018 at 4:00 p.m. Dkt. No. 33. A copy of that order was mailed to Mr.

3

Adams by certified mail and by regular, first-class mail on February 23, 2018. Once again, the Court reminded Mr. Adams in that order that if he failed to comply with a court order, including his failure to appear for the show cause hearing on March 1st, that he faced possible sanctions, including the dismissal of this case. *Id.*

On March 1, 2018, without having requested an adjournment, Mr. Adams failed to appear for the show cause hearing.

## II. LEGAL STANDARD

### A. Rule 41(b)

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-cv-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

### B. Rule 16(f)

Fed. R. Civ. P. 16(f) provides, in relevant part, that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its

4

attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (citation omitted). The Rule 37 sanctions incorporated into Rule 16 include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). "Rule 16(f) incorporates the same standards developed under Rule 37(b)(2)." *Vajic v. API Restaurant Corp.*, No. 12-cv-757 (RWS), 2014 WL 4384148, at *2 (S.D.N.Y. Sept. 4, 2014).

The Second Circuit has identified several factors that "may be useful in evaluating a district court's exercise of discretion" to dismiss an action under Rule 37: "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (citation omitted).

The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

## III. DISCUSSION

The Court finds that dismissal of Mr. Adams' complaint without prejudice pursuant to Rule 41(b) is warranted due to Mr. Adam's failure to take meaningful steps to prosecute this action. This action has been pending for over a year. Discovery was originally scheduled to close over four months ago. Yet, the only steps that Mr. Adams has taken to litigate his case have been the filing of his complaint and his attendance at the initial pretrial conference and two additional conferences, conferences that were scheduled because of Mr. Adams' repeated failure to respond to discovery. Despite Mr. Adams' early representation to the Court that he was "almost done" preparing his responses to Defendants' interrogatories, Mr. Adams never completed those responses. The Court

has adjourned the discovery deadline twice to permit Mr. Adams to participate in discovery and has scheduled five conferences to discuss Mr. Adams' failure to participate. Mr. Adams has appeared for only two of those five conferences and has failed to provide any response to Defendants' discovery requests. The Court views Mr. Adams' failure to provide any discovery and his failure to appear on November 29, 2017, on February 22, 2018, and on March 1, 2018—after the Court issued an order to show cause—as evidence of Mr. Adams' disinterest in proceeding with his case.

The Court also finds that dismissal without prejudice pursuant to Fed. R. Civ. P. 16(f) is warranted. As the procedural history recounted above makes clear, Mr. Adams has failed to comply with four orders of this Court. The Court has issued repeated warnings that failure to comply with the Court's orders could result in dismissal and has given Mr. Adams four chances to comply. Not only has Mr. Adams failed to comply with discovery orders and failed to appear for conferences aimed at enforcing those discovery orders, but he has provided the Court with no reason for his continued noncompliance. The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Adams' demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not. *See Miller v. City of New York*, No. 12-cv-2965, 2012 WL 5879471 (E.D.N.Y. Nov. 20, 2012) (dismissing *pro se* complaint for plaintiff's repeated failure to appear for in-court conferences).

### IV. CONCLUSION

Mr. Adams' complaint is dismissed without prejudice for failure to prosecute and for failure to comply with numerous orders of the Court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to adjourn all hearings, terminate all pending motions, and to

close this case. The Clerk of Court is further directed to send a copy of this order to Mr. Adams by certified mail and by regular, first-class mail.

SO ORDERED.

Dated: March 2, 2018
New York, New York

_____
GREGORY H. WOODS
United States District Judge